Ramesh **PARAMANANTHAM,**
Petitioner,

v.

Michael B. **MUKASEY,**[*] Attorney General, Respondent.

No. 06–73835.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 17, 2007.

Filed Nov. 26, 2007.

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

[*] Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Markandu S. Vigneswaran, Law Offices of Markandu S. Vigneswaran, Hacienda Heights, CA, for Petitioner.

CAC–District Counsel, Esq., Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ryan Danks, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: FERNANDEZ and WARDLAW, Circuit Judges, and MILLS **, District Judge.

## MEMORANDUM ***

Ramesh Paramanantham, a native and citizen of Sri Lanka, petitions for review of an order of the Board of Immigration Appeals affirming an Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

The IJ found that Paramanantham was not a credible witness. "We review adverse credibility determinations for substantial evidence and reverse only if the evidence compels a contrary conclusion." *Singh v. Gonzales*, 439 F.3d 1100, 1105 (9th Cir.2006). The IJ must articulate "specific, cogent reasons" for the finding. *Id.* For applications filed before May 11, 2005, we require that these underlying reasons "strike at the heart of the claim" for asylum. *Id.* However, the REAL ID Act of 2005 ("the REAL ID Act") eliminated this requirement for all applications filed after that date. 8 U.S.C. § 1158(b)(1)(B)(iii). Because Paramanantham's application was filed after May 11, 2005, the REAL ID Act applies in this case.

■ The BIA gave specific, cogent reasons for its adverse credibility determination. In particular, it pointed to crucial inconsistencies between Paramanantham's testimony and an affidavit from his father that he had submitted as corroborating evidence. Paramanantham described being arrested on three separate occasions, but the affidavit only mentions two events. This omission is particularly suspect because his father allegedly secured his release from this last arrest by paying a sizable bribe to his captors. Moreover, Paramanantham testified that he left Tamil as a result of this last arrest, whereas his father's affidavit states that the motivation for his departure was the breakdown of peace talks. Paramanantham has failed to provide any explanation for these inconsistencies, which call into question both the

---

** The Honorable Richard Mills, Senior United States District Judge for the Central District of Illinois, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

existence of the third arrest and his motivation for leaving Sri Lanka. Thus the BIA's adverse credibility determination is supported by substantial evidence under both our pre- and post-REAL ID Act jurisprudence.

 Without credible testimony, Paramanantham did not meet his burden of proof to establish asylum eligibility. 8 U.S.C. § 1158(b)(1)(B)(i). Because Paramanantham cannot meet the lower standard of eligibility for asylum, he has also failed to show that he is entitled to withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003). Similarly, Paramanantham has not met his burden to establish that he "more likely than not" would be tortured if removed to Sri Lanka, 8 C.F.R. § 208.16(c)(2), so the IJ properly denied his CAT claim.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.